UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

BARBARA TUCKER,

    *Plaintiff,*

v.

    CASE NO.:

PALM BEACH OPERA, INC.,

    *Defendant.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Barbara Tucker seeks damages from Defendant Palm Beach Opera, Inc., for its age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Florida Civil Rights Act of 1992 ("FCRA"). [1]

## PARTIES

2. Plaintiff is a resident of Palm Beach County, Florida. At all times material, she was Defendant's employee. 29 U.S.C. § 630(f).

3. Defendant is a Florida corporation with its principal address in Palm Beach County, Florida. At all times material, Defendant was Plaintiff's employer. 29 U.S.C. § 630(b); Fla. Stat. § 760.02(7).

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under 29 U.S.C. § 623.

---

[1] Defendant Palm Beach Opera Inc. is "**Defendant**" or the "**Opera**."

5. This Court has supplemental jurisdiction over Plaintiff's state law claim because it is so closely related to her ADEA claim that it forms part of the same case or controversy. 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant continuously conducts business within this District.

7. Venue is proper because Defendant is subject to personal jurisdiction in this District and because the acts complained of and giving rise to the claims occurred in this District. 28 U.S.C. § 1391.

8. Plaintiff has satisfied all statutory conditions precedent to bringing her claims.

## GENERAL ALLEGATIONS

9. The Opera hosts a variety of cultural programs every year from December through April. To do so, the Opera is largely dependent on individual donations from patrons. It also raises money through corporate sponsorships.

10. On February 28, 2022, the Opera hired Plaintiff as the Director of Development, a fundraising position.

11. Plaintiff was 65 years old when she joined the Opera.

12. Prior to joining the Opera, Plaintiff worked for approximately 20 years with the Carnegie Museums of Pittsburgh as the Director of the Travel Program and Senior Advancement Officer.

A. *The Opera's Ageism*

13. Plaintiff's direct supervisor at the Opera was its General & Artistic Director, David Walker ("**Mr. Walker**").

14. Mr. Walker frequently told Plaintiff that she was in the "sunset of her career."

15. Plaintiff found these remarks both insulting and concerning. She intended to work for many years with the Opera before retiring.

16. Joseph Cremona ("**Mr. Cremona**") is the Opera's Director of Finance and its Director of Human Resources & Administration. Mr. Cremona often joined Mr. Walker in directing ageist remarks towards Plaintiff. As a result, Plaintiff's direct report and human resources report were the roots of the Opera's openly ageist behavior and discriminatory treatment of Plaintiff.

17. For example: During staff meetings in the Opera's conference room, Messrs. Walker and Cremona frequently brought up "who was the oldest on the staff" in derogatory terms.

18. Through such comments, age was understood to be a negative employment trait.

19. At least one staff member other than Plaintiff complained of Defendants' Directors behavior in conference room staff meetings.

20. Further, Mr. Walker frequently referenced conversations that had not taken place with Plaintiff. He would punctuate these references to these imagined conversations by stating, "Remember?" to Plaintiff. Of course, Plaintiff did not remember conversations that had not occurred.

21. Such statements were aimed at shaking Plaintiff's confidence and creating an inference amongst peers and subordinates that Plaintiff had memory loss—to the degree of forgetting entire conversations—due to her age. She has no such memory loss. Mr. Walker's allusions to the contrary were false, hurtful, and discriminatory.

B. *The Opera Terminates Plaintiff Because of Her Age*

22. Unbeknownst to Plaintiff, the Opera hired Clarissa Stoney ("**Ms. Stoney**"), age 30, to take over her position.

23. Unlike other employment candidates during her tenure, Plaintiff was not allowed to take part in the interview process of Ms. Stoney.

24. Ms. Stoney was presented to Plaintiff as a "temp."

25. During Ms. Stoney's first week on the job, Plaintiff was asked to work from home.

26. After that week, Plaintiff was told to show Ms. Stoney the ropes, under the auspices that Ms. Stoney was to help—rather than replace—Plaintiff.

27. Ms. Stoney remains employed by the Opera.

28. On February 6, 2023, Plaintiff oversaw the Opera Gala, the Opera's largest annual fundraising event.

29. At the conclusion of the event, in front of 300+ Gala attendees, Mr. Walker praised Plaintiff for her work on the Gala and service to the Opera.

30. Two days later, on February 8, 2023, Mr. Walker called Plaintiff on the phone and terminated her.

31. Since that time, and as a direct result of the Opera's conduct, Plaintiff has found it difficult to find employment.

## COUNT I
## VIOLATION OF ADEA (DISCRIMINATION)

32. Plaintiff repeats and realleges Paragraphs 1-31 as if fully set forth herein.

33. Defendant's ageist conduct detailed above constitutes discrimination on the basis of age in violation of the ADEA.

34. Plaintiff, a person above the age of 40, is a protected employee under the ADEA.

35. Plaintiff suffered an adverse employment action when she was forced out of her job because of her age.

36. But for Plaintiff's age, Defendant would not have engaged in such conduct.

37. Defendant's conduct was willful.

38. Defendant was alerted at every level of management as well as human resources as to what was happening to Plaintiff. And yet, Defendant continued to countenance or approve of the discrimination Plaintiff was subjected to.

39. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, Defendant's management knowingly countenanced or approved of age discrimination, as exhibited by Messrs. Cremona and Walker's derogatory comments about Plaintiff's age, Mr. Walker's repeated false insinuations the Plaintiff did not remember conversations that never occurred, and the surreptitious purpose behind the hiring of Ms. Stoney.

40. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages.

41. Accordingly, Plaintiff is entitled to damages to the fullest extent permitted by the ADEA.

## COUNT II
## VIOLATION OF FCRA (DISCRIMINATION)

42. Plaintiff repeats and realleges Paragraphs 1-31 as if fully set forth herein.

43. Defendant's ageist conduct detailed above constitutes discrimination on the basis of age in violation of the FCRA.

44. Plaintiff, a person above the age of 40, is a protected employee under the FCRA.

45. Plaintiff suffered an adverse employment action when she was forced out of her job because of her age.

46. But for Plaintiff's age, Defendant would not have engaged in such conduct.

47. Defendant's conduct was willful.

48. Defendant was alerted at every level of management as well as human resources as to what was happening to Plaintiff. And yet, Defendant continued to countenance or approve of the discrimination Plaintiff was subjected to.

49. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, Defendant's management knowingly countenanced or approved of age discrimination, as exhibited by as exhibited by Messrs. Cremona and Walker's derogatory comments about Plaintiff's age, Mr. Walker's repeated false insinuations the Plaintiff did not remember conversations that never occurred, and the surreptitious purpose behind the hiring of Ms. Stoney.

50. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages.

51. Accordingly, Plaintiff is entitled to damages to the fullest extent permitted by the FCRA.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests the Court enter judgment in her favor as follows:

a. Back and front pay resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

b. Liquidated damages resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

c. Back and front pay resulting from Defendant's violation of the FCRA to the fullest extent permitted by law;

d. Compensatory and punitive damages resulting from Defendant's violations of the FCRA to the fullest extent permitted by law;

e. Pre-judgment and post-judgment interest;

f. An award of costs and reasonable attorneys' fees; and

g. Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims.

Dated: September 14, 2023

Respectfully submitted,

By: */s/ Christopher S. Prater*
Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

Michael A. Boehringer
Florida Bar No.:1018486
mboehringer@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd., #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff Barbara Tucker*